## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

William D. Goren,
for himself and other
similarly situated individuals,

Plaintiff,

vs.                                   Civil No.  8:21-cv-1503-WFJ-AAS

LawPracticeCLE, L.L.C.,
a Florida Limited Liability
Corporation,

Defendant.

_____/

## CLASS ACTION COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF
## UNDER THE AMERICANS WITH DISABILITIES ACT

### INTRODUCTION

Attorneys licensed in 46 states are subject to mandatory Continuing Legal

Education (CLE) requirements as a condition of maintaining their licenses. At least

in part because of those mandates, providing CLE courses accepted by various

state bars is a thriving business, and has attracted many entrants, including

Defendant LawPracticeCLE. Many of those courses are offered online, either live

in real time or recorded. Because of convenience and flexibility, the online format

1


Fee paid
TPA064209

is attractive to many attorneys, and particularly to attorneys such as Plaintiff Goren who must satisfy CLE requirements in multiple jurisdictions.

Plaintiff Goren is severely to profoundly hard of hearing (congenital bilateral sensorineural hearing loss of 65-120+db) and functions entirely in the hearing world with lip reading and hearing aids. Even with hearing aids, he has a significant hearing loss, and is unable to fully understand and equally benefit from online CLE courses using the online audio. Many other attorneys, members of the putative class, also have a significant hearing loss as well. To fully benefit from online CLE, Goren and other similarly situated attorneys require auxiliary aids and services, that provide effective communication to individuals with hearing loss. In Goren's case, the necessary aids and services are captioning, in which the spoken material is put into written form displayed in synch with the oral presentation, and the ability to call in so that he can amplify the audio portion through Bluetooth technology that directly feeds into his hearing aids. Defendant LawPractice has denied both of those options to Mr. Goren.

As is set forth in this Complaint, the Americans with Disabilities Act (ADA) requires CLE providers to make those accommodations available. The Complaint seeks 1) a declaratory judgment stating that LawPractice must provide those accommodations, 2) an injunction requiring LawPractice to offer those accommodations or other auxiliary aids and services to Mr. Goren and to any other

2

similarly situated attorney who wishes to take LawPractice CLE courses, and to publicize the availability of those accommodation, and 3) for attorneys' fees and litigation costs and expenses.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because the claims are made under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and specifically 42 U.S.C. § 12189, which applies to person that offer courses related to licensing. This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and may award fees, costs and expenses to a prevailing party pursuant to 42 U.S.C. § 12205.

2.     This Court has personal jurisdiction over defendant LawPractice CLE, whose principal place of business is Bradenton, Florida.

3.     Venue is proper in this district and division because defendant is a resident and because some of the acts and omissions giving rise to this case occurred here.

## THE PARTIES

4.     Plaintiff William D. Goren is a practicing attorney and a resident of Decatur, Georgia.

3

5.      Defendant LawPractice CLE, LLC, is a Florida Limited Liability Company that lists its headquarters as 315 Gris Sky Lane, Bradenton, Florida, 34212.

## OPERATIVE FACTS

6.      Defendant LawPractice offers online CLE courses live, and archives those courses for on-demand viewing. It reports attendance to CLE authorities in Georgia and Texas, among other jurisdictions. While users may purchase individual courses, LawPractice offers an unlimited annual CLE package at a very substantial savings over the individually purchased courses. LawPractice has a faculty of over 300 attorneys and judges from around the country, including the plaintiff.

7.      Plaintiff Goren is admitted to active practice in Georgia, Texas and Illinois. All three jurisdiction require annual CLE courses as a condition of maintaining those licenses.

8.      Goren is a nationally known expert on the ADA. His blog "Understanding the ADA" has consistently been recognized as one of the Top 100 legal blogs.

9.      Using that expertise, Goren has, on two occasions, provided course content to LawPractice CLE. He is listed on the LawPractice website as a faculty member.

10.     As consideration for providing expert content, LawPractice offers its presenters free lifetime access to its courses.

11.     Because of his hearing loss and the absence of appropriate accommodations, Goren cannot take advantage of the free access to LawPractice. When Goren asked for captioning and dial-in access to a live presentation, LawPractice Operations Manager Jennifer Hamm stated in a July 16, 2020 email that those accommodations were not available.

12.     Although Goren earns a significant portion of his required CLE hours through presenting and writing, he must always add additional courses to meet his requirements.

13.      Since Goren has access to free LawPractice CLE courses,  Goren would, in the future, use LawPractice courses to satisfy his CLE requirements if those courses were accessible to him.

14.     Virtually all television programs are closed-captioned, giving viewers the option of seeing the dialogue and other aural information in written form superimposed on the screen while not altering the viewing experience for others. Goren watches television with the captions displayed.

15.     Closed captioning, activated by the viewer, can also be used for CLE courses, and is offered by a number of CLE providers, including Practising Law Institute, https://www.pli.edu/accessibility (last visited June 11, 2021), Attorney

5

Credits, https://www.attorneycredits.com/features/feature-faq (last visited June 11, 2021), and myLawCLE, https://mylawcle.com/products/how-the-ada-impacts-websites-and-mobile-apps-and-what-businesses-should-do-about-it/ (showing appropriate indication of caption availability) (last visited June 11, 2021).

## CAUSE OF ACTION

16.    The Americans with Disabilities Act is a "national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101 (b)(1).

17.    The ADA has a specific provision dealing addressing the issue presented by this lawsuit, as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189.

18.    Courses that satisfy requirements necessary to maintain an active license to practice law are related to licensing for professional purposes, and must therefore be offered in a manner accessible to persons with disabilities.

19.    The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," 42 U.S.C. §

6

12102 (1)(A), and lists hearing, learning and working as among "major life activities," 42 U.S.C. § 12102(2)(A). The existence of a disability is to be assessed "without regard to the ameliorative effects of mitigating measures such as … hearing aids," 42 U.S.C. § 12102(4)(E)(i)(I). Because his hearing impairment prevents Goren from fully understanding and therefore fully learning from online CLE courses that lack captioning, he is a person with a disability within the meaning of the ADA as it applies to LawPractice courses.

20.   The regulations implementing § 12189 state that providing courses in an accessible format may require the provider to offer "auxiliary aids and services," 28 C.F.R. § 36.309(c)(3), defined by example as "interpreters or other effective methods of making orally delivered materials available to individuals with hearing impairments," *id.*

21.   By failing to provide captioning or any other effective method of making orally delivered material available to Goren or other individuals similarly situated, LawPractice CLE is violating the ADA.

22.   The ADA permits private individuals to bring an action for injunctive relief to prevent further violations, 42 U.S.C. § 12188(a)(1) (incorporating remedies available under 42 U.S.C. § 2000a-3), including an order that necessary auxiliary aids and services be provided, 42 U.S.C. § 12188(a)(2).

23.     The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57, Fed. R. Civ. P., empower this Court to declare the rights of interested parties.

24.     Plaintiff Goren is entitled to a declaratory judgment that LawPractice must provide the necessary auxiliary aids and services to make its courses accessible to him and to other similarly situated attorneys, and to an injunction requiring LawPractice to do so.

25.     Additionally, LawPractice CLE must indicate on its website and in any other advertising that captioning or other auxiliary aids and services can be provided for its courses, and if captioning is provided for fewer than all courses, must indicate the courses for which captioning is available through such designation as a [cc] icon placed next to each course title.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, and ask this Court to certify a class defined as follows:

> All attorneys subject to mandatory Continuing Legal Education requirements who, because of their hearing losses, need captioning and/or other auxiliary aids and services to understand and therefore benefit from the courses offered by LawPractice CLE.

27.     Based on objective data from a random sample of the adult population, Lin et al. from Johns Hopkins University estimate that some 15 million Americans between the ages of 20 and 70 have a hearing impairment, which is

8

roughly 7% of the overall population in that age range.

https://www.statista.com/statistics/241488/population-of-the-us-by-sex-and-age/,

(last visited May 15, 2021).

28.     There are roughly 1.33 million lawyers in the United States as of

2020, https://www.statista.com/statistics/740222/number-of-lawyers-

us/#:~:text=The%20total%20number%20of%20lawyers,2015%20figure%20of%2

01.3%20million. (last visited May 15, 2021). If lawyers sustain impairing hearing

loss at the same rate as the general population aged 20-70, these numbers would

suggest that over 90,000 U.S. attorneys have an impairing hearing loss, and many

might benefit from captioning or other auxiliary aids and services.

29.     The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied for the

following reasons:

**Numerosity**: As stated in Paragraphs 27 and 28, the putative class members

are too numerous to be joined and impossible to identify.

**Commonality and Typicality:** The questions of law and fact raised by

Goren's complaint would be common to the issues raised by any other attorney

with hearing loss concerning LawPractice CLE's courses, and the requested relief

would benefit all members of the putative class. Because no damages are being

claimed, there are no individual issues.

**Fair and Adequate Representation:** There are no conflicts between Mr. Goren's claims and the interests of any member of the putative class because an injunction requiring the provision of necessary auxiliary aids and services, including but not limited to captioning and dial-in access, would not preclude any class member from seeking a different aid and service to meet any individual needs. Undersigned pro hac vice counsel has considerable experience representing plaintiffs in cases seeking to require the provision of auxiliary aids and services for people with hearing loss, including *Childress v. Fox,* 932 F.3d 1165 (8th Cir. 2019) and *Washington State Comm'n Access Project v. Regal Cinemas et al.,* 293 P.3d 413 (Wash. App. 2013). Because certification is being sought under Rule 23(b)(2), which does not require notice or provide for opting out of the claims for equitable relief, there will be no difficulty managing the class because Goren can fairly represent the interests of all such potential claimants.

30.     The requirements of Rule 23(b)(2) are satisfied because LawPractice's failure to provide auxiliary aids and services affects all potential class members equally, and injunctive and declaratory relief requiring LawPractice to provide auxiliary aids and services would provide a remedy to the class as a whole.

## PRAYER FOR RELIEF

31.     Plaintiff is entitled to relief as follows pursuant to the provisions of 42 U.S.C. § 12188(a)(1), which incorporates the remedies of 42 U.S.C. § 2000a(3):

10

11