## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIAM D. GOREN, for himself
and other similarly situated individuals,

      Plaintiff,

v.                                                          Case No: 8:21-cv-1503-WFJ-AAS

LAWPRACTICECLE, L.L.C., a Florida
limited liability company,

      Defendant.

_____/

## __ORDER__

This matter comes before the Court on Defendant LawPracticeCLE, L.L.C.'s motion to dismiss, Dkt. 7, and motion for sanctions, Dkt. 8. Plaintiff William D. Goren filed a memorandum in opposition to the motions. Dkt. 9. Defendant filed a reply, Dkt. 11, to which Plaintiff filed a sur-reply, Dkt. 12. Upon consideration of the filings, the Court denies Defendant's motions.

Defendant is a Florida company that offers continuing legal education ("CLE") courses to attorneys in an exclusively online format. Dkt. 1 at 3; Dkt. 7 at 2. Plaintiff is an attorney with a significant hearing impairment who received free access to Defendant's courses in exchange for providing Defendant with course content. Dkt. 1 at 4−5. Because Defendant's CLE courses are not equipped with

captions or other auxiliary aids for viewers with hearing impairments, Plaintiff

states that the courses are not accessible to him and others with hearing difficulties.

Dkt. 1 at 2. In his class action complaint, Dkt. 1, Plaintiff alleges that Defendant is

violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§

12181−12189, by failing to render its courses accessible to those with hearing

impairments. Dkt. 1 at 7.

　　　Urging this Court to dismiss Plaintiff's complaint, Defendant contends that

Title III only applies to private entities that are "public accommodations." Dkt. 7 at

6. Defendant argues that it is not a public accommodation because it is not covered

by the enumerated list of public accommodations set forth in section 12182(7).

Dkt. 7 at 5−6. Further, Defendant points to the recent decision of *Gil v. Winn-Dixie*

*Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021), in which the Eleventh Circuit held

that a website with no nexus to a physical location is not a public accommodation.

Dkt. 7 at 10. On this basis, Defendant moves to dismiss Plaintiff's complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can

be granted. Dkt. 7 at 1−2. Defendant also moves for Rule 11 sanctions, arguing

that Plaintiff's complaint lacks a sufficient legal or factual basis and was brought

for an improper purpose. Dkt. 8 at 2−3.

　　　In response, Plaintiff argues that Defendant's public accommodation status

is irrelevant to his claim. Dkt. 9 at 6−7. Plaintiff contends that even if Defendant is

not a public accommodation under section 12182(7), it remains subject to the accessibility requirements of section 12189 as a "person that offers examinations or courses" for professional purposes. Dkt. 9 at 2, 4. Section 12189 provides that such entities "shall offer . . . courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements."

In support of his argument that entities subject to section 12189 need not be public accommodations, Plaintiff cites the Department of Justice's Title III regulations. Dkt. 9 at 6. These regulations state that Title III applies to any "public accommodation, commercial facility, *or private entity that offers examinations or courses*" related to licensing for professional purposes. 28 C.F.R. § 36.102 (emphasis added). Plaintiff also points to two settlement agreements[1] between the Department of Justice and online-only course providers that failed to provide auxiliary aids to individuals with hearing impairments, noting that the Department of Justice only brought claims of section 12189 violations in those instances. Dkt. 9 at 9−10.  Moreover, the Court notes that the Department of Justice's ADA Title III Technical Assistance Manual states that "[p]rivate entities offering examinations or courses covered by title III are subject to the requirements

---

[1] Plaintiff cites *Teachers Test Prep Settlement Agreement*, https://www.ada.gov/ttp_sa.html (June 14, 2018), and *Professional Publications, Inc.*, https://www.ada.gov/ppi_sa.html (Apr. 25, 2019).

discussed in III-4.6000[2] of this manual. If the private entity is also a public accommodation or has responsibility for a commercial facility, it would be subject to other applicable title III requirements as well." ADA Title III Technical Assistance Manual, § III-1.4000, http://www.ada.gov/taman3.html.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Applying this standard, Defendant's motion to dismiss must be denied. Neither party has cited a case that addresses whether section 12189 of Title III applies to a private entity that is not a public accommodation. In light of the authority cited by Plaintiff and without any binding case law on this issue, the Court finds at this stage of the proceedings that Plaintiff has alleged a plausible claim for relief. Plaintiff has set forth facts that, accepted as true and viewed in a light most favorable to him, sufficiently allege a violation of the ADA.

---

[2] Section III-4.6000 of the Technical Assistance Manual explains that such private entities must offer these courses and examinations in a manner accessible to those with disabilities.

4

Accordingly, neither dismissal nor Rule 11 sanctions are warranted.

For the foregoing reasons, this Court **DENIES** Defendant's motion to dismiss, Dkt. 7, and motion for sanctions, Dkt. 8. Defendant shall file an answer to Plaintiff's complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on November 29, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

5