UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM D. GOREN, for himself
and other similarly situated individuals,

      Plaintiff,

v.                                      Case No: 8:21-cv-1503-WFJ-AAS

LAWPRACTICECLE, L.L.C., a Florida
limited liability company,

      Defendant.

_____/

**ORDER**

    This matter comes before the Court on Plaintiff William D. Goren's Motion

for Summary Judgment, Dkt. 20. Defendant LawPracticeCLE, L.L.C. filed a

response in opposition, Dkt. 26, to which Plaintiff replied, Dkt. 27. Upon careful

consideration, this Court denies Plaintiff's motion.

**BACKGROUND**

    Defendant is a company that provides continuing legal education ("CLE")

courses for attorneys in an exclusively online format. Dkt. 1 ¶ 6. Plaintiff, a

licensed attorney, received free lifetime access to Defendant's courses in exchange

for having twice provided Defendant with course content. Dkt. 21 ¶¶ 2−4. As an

individual with severe-to-profound hearing loss in both ears, Plaintiff is considered

a person with a disability under the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12101 *et seq*. *Id.* ¶ 5. Plaintiff contends that when he asked Defendant's

Director of Operations in 2020 whether captioning or a dial-in phone number

would be available for a live online course he wished to take, she told him via

email that those auxiliary aids were not offered. Dkt. 1 ¶ 11; Dkt. 21-1 at 13.

On June 21, 2021, Plaintiff filed a class action complaint in which he alleged

Defendant failed to comply with the accessibility requirements of Title III of the

ADA. Dkt. 1. Specifically, Plaintiff seeks a declaration that Defendant violated §

12189, which covers private entities offering certain examinations and courses, by

failing to equip its online courses with captions or dial-in phone numbers for

Plaintiff and other individuals with hearing disabilities. *Id.* ¶¶ 17−21, 31(a).

Plaintiff also seeks a nationwide injunction requiring Defendant to provide

captioning for all courses and dial-in numbers for all live courses. *Id.* ¶ 31(a).

With uncertainty among courts regarding whether websites are places of

public accommodation under § 12181(7) of Title III,[1] Plaintiff's complaint

presents an issue of first impression: whether a private entity providing exclusively

online courses may be liable under § 12189 regardless of its public accommodation

status under § 12181(7). Asserting that there is no factual dispute that Defendant

---

[1] In December 2021, the Eleventh Circuit vacated its April 2021 opinion in which it concluded websites are not places of public accommodation for Title III purposes. *See Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir.), *vacated as moot*, 21 F.4th 755 (11th Cir. 2021).

violated § 12189, Plaintiff now moves for summary judgment. Dkt. 20.

## LEGAL STANDARD

A district court should grant summary judgment only when it determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim that might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record, in its entirety, could lead a rational trier of fact to find for the nonmovant. *Id.* The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Id.*

In deciding a motion for summary judgment, a court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Upon doing so, the court must determine whether a rational jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the inferences arising from undisputed facts, a court should deny summary judgment. *Allen*, 121 F.3d at 646.

## ANALYSIS

In moving for summary judgment, Plaintiff asserts that the only question remaining before the Court is whether Plaintiff is entitled to declaratory and injunctive relief. Dkt. 20 at 1. However, even assuming Plaintiff is entitled to summary judgment, the declaratory and injunctive relief Plaintiff seeks is class action relief, and he has not yet moved for class certification.

Federal Rule of Civil Procedure 23(c)(1)(A) provides that a court must determine whether to certify a class action "[a]t an early practicable time after a person sues or is sued as a class representative[.]" Requiring courts to make certification determinations early in litigation helps curb the "recurrent source of abuse" stemming from the fact that, unlike the party opposing certification, absent members of a putative class are not bound by a ruling on the merits. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 545–47 (1974). Without an early certification determination, putative class members might choose not to intervene and bind themselves to a suit's outcome until they know whether their participation would be favorable to their interests. *Id.* at 547. This potential for such "one-way intervention" allows putative class members "to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.*

4

Though one-way intervention is arguably not as great of a concern in class action suits seeking only declaratory or injunctive relief under Rule 23(b)(2), which does not require that putative class members be given notice and an opportunity to opt out, deciding a plaintiff's pre-certification summary judgment motion in such cases remains unfair to a defendant. As the Northern District of California recently explained, a plaintiff is still able to "hedge [his] bets" in such actions by choosing not to seek class certification if he receives an unfavorable merits ruling pre-certification. *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1096 (N.D. Cal. 2019). The Eastern District of Pennsylvania emphasized the same concerns, further explaining that if the court were to rule in favor of the plaintiff on her pre-certification motion for summary judgment, the plaintiff "could then move for certification knowing that the class members will be able to take advantage of that favorable ruling." *Koehler v. USAA Cas. Ins. Co.*, Case No. 19-715, 2019 WL 4447623, at *6−7 (E.D. Pa. Sept. 17, 2019).

Here, if the Court were to rule in favor of Plaintiff on his motion, he would surely seek class certification. But if the Court were to rule against Plaintiff, he may choose not to seek class certification, which would not preclude other members of the putative class from initiating their own lawsuits against Defendant. As explained in *Koehler*, this is the unfairness

5

that the rule against one-way intervention aims to avoid. *Id.* at \*7. The Court also notes that this case of first impression may look different than the run-of-the-mill fraud class action in which this Court might rule on the merits before certification. Given this novel class action presents "an important issue that affects a large number of people," Dkt. 20 at 11, the Court declines to make a pre-certification ruling on the merits of Plaintiff's motion.

Even if this Court were to overlook the fact that Plaintiff's class action has not yet been certified, it is not clear from the record whether the class action relief Plaintiff seeks is warranted. Aside from one email of Defendant's Director of Operations regarding a live online course that Plaintiff wished to take in 2020, the record contains no evidence regarding whether Defendant failed to offer auxiliary aids for its *other* courses.

## CONCLUSION

Accordingly, the Court declines to make a pre-certification ruling on the merits of Plaintiff's motion. Plaintiff's Motion for Summary Judgment, Dkt. 20, is **DENIED** with leave to re-file after a class certification determination.

**DONE AND ORDERED** at Tampa, Florida, on March 21, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record