IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

William D. Goren,
For himself and other
Similarly situated individuals,

Plaintiff,

vs.                                                             Civil No. 8:21-cv-01503-WFJ-AAS

LawPracticeCLE, L.L.C.,
a Florida Limited Liability
Corporation,

Defendant.

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff William D. Goren ("Plaintiff") and Defendant LawPracticeCLE, L.L.C. ("LawPracticeCLE" or "Defendant"). Plaintiff and Defendant are also referred to individually as "Party" or collectively as the "Parties."

### RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12189 requires any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary

education, professional, or trade purposes to offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

3. Defendant provides online Continuing Legal Education ("CLE") programs for attorneys. Its CLE programs are approved by various jurisdictions for CLE credit, including Georgia, Texas and Illinois.

4. Plaintiff is an attorney licensed in Georgia, Texas and Illinois. Goren must obtain CLE credits to maintain his license in all these states. Plaintiff has a severe to profound hearing loss, and is unable to fully benefit from LP courses through the aural feed alone. He requires captioning, in which the spoken information is put into written form and displayed in sync with the oral presentation, or for live, real-time courses, a dial in-telephone number that will enable him to utilize his Bluetooth technology.

5. On June 21, 2021 Plaintiff filed this lawsuit against Defendant on his own behalf and on behalf of a putative class. Plaintiff alleges that Defendant failed to provide a dial-in telephone number for live programming and captioning for all programming, in violation of Title III of the ADA, 42 U.S.C. § 12189.

6. Defendant acknowledges that its CLE programs are "related to licensing for professional purposes" within the meaning of 42 U.S.C. § 12189, and must therefore

be made accessible to individuals with hearing impairments through the provision of auxiliary aids and services.

7. Defendant denies that its programs violate Title III of the ADA or any other statute or regulation. By entering into this Consent Decree, Defendant does not admit or concede any liability or wrongdoing, and it shall not be deemed as such in any subsequent legal action. Defendant alleges that it provided a dial-in telephone number for Live CLE Programs at the time this lawsuit was filed and continuing to the present. Defendant started providing captioning in August 2021. Since June 2022, all courses offered Defendant have captioning, and Live CLE Programs have a dial-in telephone number.

8. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in this lawsuit.

## JURISDICTION

9. Plaintiff's claim arises under 42 U.S.C. § 12189.

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree venue is appropriate.

## AGREED RESOLUTION

11. The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree

to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiffs' Complaint.

12. Defendant denies Plaintiff's allegations in this lawsuit, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

### DEFINITIONS

13. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

14. Hearing Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of hearing.

15. "Live CLE Programs" are programs that are broadcast online to the public on a specific date in real time while speakers are actually presenting.

16. "Live Rebroadcast CLE Programs" are programs that are broadcast online to the public at a specific time and date but the presentation was pre-recorded.

17. "On Demand CLE Programs" are programs that are pre-recorded and can be viewed at any time online.

18. "CLE Programming" shall mean all the programs set forth in Paragraphs 13-15.

19. "Website" means the website at www.lawpracticecle.com.

## TERM

20. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date.

## ACTIONS TO BE TAKEN

21. Defendant shall continue providing captioning for all On-Demand CLE Programs and Live Rebroadcast CLE Programs that it offers to the public on the Website.

22. Defendant shall continue providing a telephone dial-in option and closed captioning for all Live CLE Programs.

23. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:

John F. Waldo, Esq.
Law Office of John F. Waldo
2108 McDuffie Street
Houston, TX 77019
Email: johnfwaldo@hotmail.com
Phone: 206-849-5009

To Defendant:

Regine Etienne, Esq.
EPGD Business Law
777 SW 37th Ave STE 510
Miami, FL 33135
Email: regine@epgdlaw.com
Phone: 786-837-6787

Minh N. Vu, Esq.
Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004
Email: mvu@seyfarth.com
Phone: 202-828-5337

## MODIFICATION

24. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

25. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

26. Plaintiff and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiff's Complaint through a separate Confidential Settlement Agreement and Release (the "Confidential Agreement"). The Court will exercise jurisdiction over any disputes arising under the Confidential Agreement.

27. In the event Plaintiff alleges that Defendant fails to meet its obligations pursuant to Paragraph 21-22 of the Consent Decree, Plaintiff will notify Defendant

in writing with reasonable detail of the issue. Within thirty (30) days of receipt of written notice, Defendant will provide a written response. The Parties will make a good faith effort to resolve the dispute informally. If the issue remains unresolved sixty (60) days after the notice is given, then Plaintiff may seek relief from the Court.

28. With respect to CLE Programming, there will be no breach of this Consent Decree unless the Court determines that Defendant did not fully comply with Paragraphs 21 or 22.

29. If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

30. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

31. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Agreed and Consented to:

_____          9/26/2022
William D. Goren                              Date

LAWPRACTICECLE, L.L.C.

By: _____          9/23/2022
Its: Chief Executive Officer              Date

DONE AND ORDERED this 3rd day of October, 2022

_____
Honorable William F. Jung